IN THE UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF NEBRASKA

UNITED STATES OF AMERICA,

Plaintiff,

v.

LUIS HARO,

Defendant.

8:18CR66

ORDER

On February 7, 2019, defendant Luis Haro ("Haro") pled guilty pursuant to a written plea agreement to Counts I, IV, and V of the Indictment (Filing No. 1-1) in this case. Count I charged him with conspiring to distribute and possess with intent to distribute 50 grams or more of actual methamphetamine, in violation of 21 U.S.C. § 846.  Count IV charged him with being an illegal alien in possession of a firearm, in violation of 18 U.S.C. §§ 922(g)(5) and 924(a)(2).  And Count V charged him with knowingly using and carrying a firearm, during and in relation to, and knowingly possessing a firearm in furtherance of, a drug-trafficking crime, in violation of 18 U.S.C. § 924(c)(1)(A).  Counts II and III were dismissed under the terms of the plea agreement.

On May 3, 2019, the Court sentenced Haro to 156 months imprisonment on Count I, 120 months imprisonment on Count IV, to run concurrently to the sentence imposed on Count I, and 60 months imprisonment on Count V, to run consecutively to the sentences imposed on Counts I and IV.  Haro did not appeal.

Now before the Court is Haro's pro se Motion Under 28 U.S.C. § 2255 to Vacate, Set Aside, or Correct Sentence by a Person in Federal Custody (Filing No. 70).  Rule 4(b) of the Rules Governing Section 2255 Proceedings for the United States District Courts requires the Court to conduct a preliminary review of Haro's motion.  Unless "it plainly appears from the motion, any annexed exhibits, and the record of prior proceedings that

[Haro] is not entitled to relief," the Court generally must order the government to respond. *Id.*

Haro asserts four grounds for relief in his § 2255 motion—two complaints about the government's conduct and two complaints about his counsel's performance. In Haro's view, the government violated his due process rights by withholding discovery and violated his right to a public and speedy trial under the Sixth Amendment to the U.S. Constitution by moving for continuances. As for his counsel, Haro alleges he "rendered ineffective assistance . . . by failing to present exculpatory evidence" and failing to file an appeal as directed.

"[A]n attorney's failure to file a notice of appeal after being instructed to do so by his client constitutes ineffective assistance entitling petitioner to section 2255 relief, no inquiry into prejudice or likely success on appeal being necessary." *Nupdal v. United States*, 666 F.3d 1074, 1076 (8th Cir. 2012) (quoting *Barger v. United States*, 204 F.3d 1180, 1182 (8th Cir. 2000)). "Where petitioner's allegations, if true, amount to ineffective assistance of counsel, a hearing must be held unless the record 'affirmatively refutes the factual assertions upon which [the claim] is based.'" *Watson v. United States*, 493 F.3d 960, 964 (8th Cir. 2007) (alteration in original) (quoting *Shaw v. United States*, 24 F.3d 1040, 1043 (8th Cir. 1994)).

Upon initial review of Haro's motion, it does not plainly appear that he is not entitled to relief; therefore, the government must respond. The Court will determine whether an evidentiary hearing is required after reviewing the government's response and any reply from Haro.

IT IS ORDERED:
1.   Summary dismissal is not appropriate in this case.
2.   The government shall file a response to Haro's § 2255 motion on or before July 17, 2020.

Dated this 26th day of June 2020.

BY THE COURT:

Robert F. Rossiter, Jr.
United States District Judge