IN THE UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF NEBRASKA

| | |
|---|---|
| UNITED STATES OF AMERICA, | |
| Plaintiff, | 8:18CR66 |
| v. | |
| LUIS HARO, | MEMORANDUM AND ORDER |
| Defendant. | |

This matter is before the Court on defendant Luis Haro's ("Haro") pro se Motion under 28 U.S.C. § 2255 to Vacate, Set Aside, or Correct Sentence by a Person in Federal Custody (Filing No. 70). For the reasons stated below, the motion is denied and no certificate of appealability will issue.

I.  **BACKGROUND**

On March 20, 2018, a federal grand jury charged Haro with committing five drug-trafficking and gun crimes between August 2017 and February 12, 2018. The Court appointed counsel to represent Haro. On February 4, 2019, Haro moved (Filing No. 48) the Court to appoint different counsel, alleging his existing counsel (1) was ineffective, (2) failed to communicate with him, (3) did not have Haro's best interests in mind, and (4) did not show him any respect.

A few days later, Haro voluntarily withdrew his motion and pled guilty, pursuant to a written plea agreement, to three of the five charges against him—Counts I, IV, and V of the Indictment (Filing No. 1-1).[1] Count I charged Haro with conspiring to distribute and possess with intent to distribute 50 grams or more of actual methamphetamine, in violation of 21 U.S.C. § 846. Count IV charged him with being an illegal alien in possession of a

---

[1] At his change-of-plea hearing, Haro advised the Court he was able to communicate effectively with his counsel about the charges against him, the penalties he faced, and his guilty plea and wanted to proceed without changing counsel.

firearm, in violation of 18 U.S.C. §§ 922(g)(5) and 924(a)(2). Count V charged him with knowingly using and carrying a firearm in relation to, and knowingly possessing a firearm in furtherance of, a drug-trafficking crime, in violation of 18 U.S.C. § 924(c)(1)(A). Haro also admitted the forfeiture allegation in the Indictment, forfeiting his interests in the U.S. currency seized from him upon his arrest. *See* 21 U.S.C. § 853(a).

On May 3, 2019, the Court varied down and sentenced Haro to concurrent prison terms of 156 months on Count I and 120 months on Count IV and a consecutive prison term of 60 months on Count V. The Court entered a forfeiture order in the amount of $4,140.92 against Haro following the hearing. On the government's motion, the Court dismissed Counts II and III of the Indictment and an Information of Previous Conviction filed by the government pursuant to 21 U.S.C. § 851. Haro did not request a stay of the forfeiture order and did not appeal. *See United States v. Johnson*, 956 F.3d 510, 520 (8th Cir. 2020) ("A district court may stay an order of forfeiture pending an appeal.") (citing Fed. R. Crim. P. 32.2(d)).

On May 4, 2020, the Clerk of Court ("Clerk") received a letter from Haro dated April 26, 2020, (Filing No. 69) stating he had recently mailed two pro se motions—one "for ineffective assistance of counsel" and one requesting that his sentences run concurrently. Haro said he had not received confirmation from the Clerk's office and wanted to know if the motions had been received, "and if so, if they ha[d] been filed or declined." A deputy clerk responded "that no such motions have been received or filed."

On May 11, 2020, Haro sent another letter to the Clerk (Filing No. 79) requesting that she mail him the proper form for filing a § 2255 motion. Notations from the Clerk's office indicate Haro's letter was received on May 18, 2020, and the form was mailed the same day.

On June 18, 2020, the Clerk received and filed Haro's completed § 2255 motion, which he submitted on the proper form. Haro signed and dated the form on June 15, 2020.

On July 13, 2020, the Clerk received a different signature page (Filing No. 70-1) from Haro. That page included an incomplete execution date of "5 - 20" and a handwritten note incorrectly asserting that the "the district of Nebraska system" stated that the signature page was missing from Haro's § 2255 motion.

On August 21, 2020, the government filed its opposition to Haro's motion, arguing the motion is untimely and fails on the merits. Haro has not filed any reply.

## II.   DISCUSSION
### A.   Standard of Review

Section 2255(a) allows a prisoner in custody pursuant to a sentence imposed by a federal judge to move to vacate, set aside, or correct his sentence if the sentence was imposed "in violation of the Constitution or laws of the United States." Under § 2255(b), the Court should conduct a hearing on Haro's motion "[u]nless the motion and the files and records of the case conclusively show that [he] is entitled to no relief." "No hearing is required where the claim 'is inadequate on its face or if the record affirmatively refutes the factual assertions upon which it is based.'" *Watson v. United States*, 493 F.3d 960, 963 (8th Cir. 2007) (quoting *Shaw v. United States*, 24 F.3d 1040, 1043 (8th Cir. 1994)); *see also Anjulo-Lopez v. United States*, 541 F.3d 814, 817 (8th Cir. 2008) (explaining a hearing is unnecessary "[i]f it is apparent from the face of the motion and supporting record that" the motion is untimely).

### B.   Haro's § 2255 Motion is Untimely

Haro's motion is subject to review under the Antiterrorism and Effective Death Penalty Act of 1996 ("AEDPA"), Pub. L. 104–132, 110 Stat. 1214 (1996), which Congress enacted "to eliminate delays in the federal habeas review process." *Holland v. Florida*, 560 U.S. 631, 648 (2010). Under AEDPA, a prisoner generally must file a § 2255 motion within one year of "the date on which the judgment of conviction becomes final." 28 U.S.C. § 2255(f)(1); *see also Campa-Fabela v. United States*, 339 F.3d 993, 993 (8th Cir. 2003).

...

Here, the Court entered judgment on May 3, 2019, and Haro did not appeal. As the government points out, Haro's judgment of conviction therefore became final on May 17, 2019, when the fourteen-day time to appeal expired. *See* Fed. R. App. P. 4(b)(1)(A) (setting the limit), Fed. R. App. P. 26(a)(1) (providing the method to compute time); *Anjulo-Lopez*, 541 F.3d at 816 n.2. The one-year time limit passed on May 17, 2020.

Noting Haro signed his § 2255 motion on June 15, 2020, the government contends his motion is untimely and should be denied. The government says that is so even if Haro seeks to invoke the "prison mailbox rule" incorporated into Rule 3(d) of the Rules Governing Section 2255 Proceedings for the United States District Courts. Under that rule, "[a] paper filed by an inmate confined in an institution is timely if deposited in the institution's internal mailing system on or before the last day for filing." *Id.*; *see also Grady v. United States*, 269 F.3d 913, 917 (8th Cir. 2001) (describing "the prison mailbox rule . . . later incorporated into Rule 4 of the Federal Rules of Appellate Procedure" and explaining "a prisoner seeking to benefit from [that] rule must satisfy the requirements of Rule 4(c) whether he files a notice of appeal, a habeas petition, or a § 2255 motion"). In the government's view, Haro's motion simply comes too late.

As for Haro's reference in his letter to the Clerk dated April 26, 2020, to two motions Haro purportedly sent to the Clerk, the government faults Haro for making "no attempt to prove" he mailed those "alleged" motions despite written notice from the Clerk's office that it did not receive them. More specifically, the government points out that Haro has not "show[n] a timely filing 'by a declaration in compliance with 28 U.S.C. § 1746 or by a notarized statement'" as required by Rule 3(d).

In support of its argument that Haro has failed to meet what the *Grady* Court called his "ultimate burden of proving his entitlement to benefit from the [prison mailbox] rule," 269 F. 3d. 916-17, the government relies on *Ray v. Clements*, 700 F.3d 993, 1011-12 (7th Cir. 2012). In *Ray*, the Seventh Circuit recognized the need to place a limiting principle

4

on a prisoner's use of the rule. *Id.* Seeing the need for an "exacting" evidentiary showing, the Seventh Circuit determined "[t]he prisoner's sworn declaration should identify the who, what, when, where, how, and why of his alleged delivery to a prison official." *Id.* at 1011. In addition, "in cases where the purported filing is not received by the court, the petitioner must" also supply "some other corroborating evidence," such as copies of the filing, a postmarked envelope, or other correspondence. *Id.* at 1011-12. The government notes the record is devoid of such evidence.

The government maintains Haro's failure to provide evidentiary support is likewise fatal to any tolling argument he might make. *See English v. United States*, 840 F.3d 957, 958 (8th Cir. 2016) (explaining § 2255(f)'s "limitations period is not jurisdictional and is therefore subject to the doctrine of equitable tolling"); 28 U.S.C. § 2255(f)(2) (tolling the limitation period if unlawful government action prevents a prisoner from making a motion). According to the government, "Haro has provided no grounds" to toll the one-year limitations period and his § 2255 motion should be dismissed as untimely. *See Grady*, 269 F.3d at 919 ("An untimely § 2255 motion presents the government with an affirmative defense that precludes a court from granting relief on the merits of the claims.").

The government's arguments are generally well-taken. Haro signed and submitted his § 2255 motion more than a year after his judgment of conviction became final—making it untimely. *See id.* § 2255(f)(1). Paragraph 18 of Haro's § 2255 motion explains under the heading "TIMELINESS OF MOTION" that "[i]f your judgment of conviction became final over one year ago, you must explain why the one-year statute of limitations as contained in 28 U.S.C. § 2255 does not bar your motion." It also recites the full text of § 2255(f) in a footnote. Haro left Paragraph 18 completely blank.

Although the record indicates Haro mentioned the possibility of a prior mailing/motion to the Clerk near the end of the limitation period, he does not mention it in his motion or supporting materials. Indeed, Haro does not even contend he filed such a

5

motion, let alone make any argument that the prison mailbox rule somehow applies here.[2] Haro's complete failure to respond to the government's detailed analysis of these issues—despite ample opportunity to do so—only compounds the problem.

AEDPA's limitation period is subject to equitable tolling, but that doctrine "affords the otherwise time-barred petitioner an exceedingly narrow window of relief." *Jihad v. Hvass*, 267 F.3d 803, 805 (8th Cir. 2001). It "is proper only when extraordinary circumstances beyond a prisoner's control make it impossible to file a petition on time." *Kreutzer v. Bowersox*, 231 F.3d 460, 463 (8th Cir. 2000). The prisoner seeking equitable tolling must also establish "that he has been pursuing his rights diligently." *Muhammad v. United States*, 735 F.3d 812, 815 (8th Cir. 2013) (quoting *Holland*, 560 U.S. at 649). An unrepresented prisoner's allegations of "a lack of legal knowledge or legal resources" do not suffice. *Kreutzer*, 231 F.3d at 463.

Again, Haro neither invokes the doctrine of equitable tolling nor attempts to meet its high bar. *See*, *e.g.*, *Muhammad*, 735 F.3d at 814-15 (concluding the petitioner—who spent five months in a special housing unit without access to the law library and personal, legal materials—did not establish "extraordinary circumstances" beyond his control "prevented him from meeting the one-year statute of limitations"). The only hint in the record that the doctrine might be in play is Haro's references to being in "lockdown," presumably as a result of COVID-19.

The COVID-19 pandemic could—in certain circumstances—conceivably warrant equitable tolling. *Compare Cowan v. Davis*, No. 1:19-CV-00745-DAD, 2020 WL 4698968, at *6 (E.D. Cal. Aug. 13, 2020) (finding "the unprecedented and ongoing COVID-19 pandemic" warranted prospective equitable tolling), *with United States v. Barnes*, No. 18-CR-0154-CVE, 2020 WL 4550389, at *2 (N.D. Okla. Aug. 6, 2020)

---

[2]In Paragraph 10 of his motion, Haro states that he has not "previously filed any other motions, petitions, or applications concerning this judgment of conviction in any court."

(assuming a COVID-19 lockdown beginning in March 2020 "delayed defendant's ability to file his motion" but concluding it did not warrant equitable tolling because the defendant did not demonstrate he diligently pursued his claims when he "could have filed his motion long before" then). But Haro does not argue that point.

Even if he did, he would come up short on this record. Haro mentions the lockdown in his motion only to say it prevented him from making copies. In asking the Clerk to send him the § 2255 form in a letter dated May 11, 2020, Haro explained the lockdown made "it hard for [him] to get any legal documents from the law library." Those limitations do not justify equitable tolling. *See Kreutzer*, 231 F.3d at 463.

In short, Haro has not provided any reasonable basis to conclude he timely filed his § 2255 motion or that AEDPA's one-year limitation period should be tolled. Accordingly, his motion must be denied.

    C.    **No Certificate of Appealability**

Before he can appeal the denial of his motion, Haro must obtain a certificate of appealability. *See Miller-El v. Cockrell*, 537 U.S. 322, 335-36 (2003). To do that, he must make "a substantial showing of the denial of a constitutional right." 28 U.S.C. § 2253(c)(2). "A substantial showing is a showing that issues are debatable among reasonable jurists, a court could resolve the issues differently, or the issues deserve further proceedings." *Cox v. Norris*, 133 F.3d 565, 569 (8th Cir. 1997). Because Haro has not shown that the timeliness of his motion is reasonably debatable, is susceptible to a different conclusion, or deserves further review, the Court will not issue a certificate of appealability.

Based on the foregoing,

IT IS ORDERED:
1. Luis Haro's Motion under 28 U.S.C. § 2255 to Vacate, Set Aside, or Correct Sentence by a Person in Federal Custody (Filing No. 70) is denied.

2. No certificate of appealability will issue.

3. A separate judgment will be entered.

4. The Clerk of the Court is directed to mail a copy of this Memorandum and Order and the Judgment to Luis Haro at the address of record for his current place of incarceration.

Dated this 23rd day of September 2020.

BY THE COURT:

Robert F. Rossiter, Jr.
United States District Judge