IN THE UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF NEBRASKA

| | |
|---|---|
| UNITED STATES OF AMERICA, | |
| Plaintiff, | 8:18CR66 |
| v. | |
| LUIS HARO, | ORDER |
| Defendant. | |

This matter is before the Court on defendant Luis Haro's ("Haro") pro se Motion for Sentence Reduction (Filing No. 82) pursuant to 18 U.S.C. § 3582(c)(1)(A). That statute authorizes Haro to move the Court to "reduce [his] term of imprisonment" for "extraordinary and compelling reasons." *Id.* § 3582(c)(1)(A)(i). But Haro can only file such a motion *after* he "has fully exhausted all administrative rights to appeal a failure of the Bureau of Prisons [("BOP")] to bring a motion on [his] behalf or the lapse of 30 days from the receipt of such a request by the warden of [his] facility, whichever is earlier." *Id.*; *see also United States v. Raia*, 954 F.3d 594, 595 (3d Cir. 2020) (denying a defendant's motion under § 3582(c)(1)(A) because he did not give the BOP thirty days to respond to his request for compassionate release).

Haro's motion says nothing about whether he has taken any steps to exhaust his administrative remedies or otherwise comply with § 3582(c)(1)(A). The Court understands Haro's concern for his family, but his failure to comply with the statutory prerequisites to judicial review under § 3582(c)(1)(A) "presents a glaring roadblock foreclosing compassionate release at this point." *Raia*, 954 F.3d at 597 (finding strict statutory compliance necessary, particularly given the "BOP's statutory role, and its extensive and professional efforts to curtail the virus's spread"). Accordingly, Haro's motion for a sentence reduction is denied without prejudice to refiling when he can show he has met either statutory requirement.

IT IS SO ORDERED.

Dated this 16th day of November 2020.

BY THE COURT:

Robert F. Rossiter, Jr.
United States District Judge

2